Steven Richard Winslow v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-099-CR

STEVEN RICHARD WINSLOW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Steven Richard Winslow of driving while intoxicated (DWI), and the trial court sentenced him to ninety days’ confinement in the Tarrant County Jail and a $450 fine, with the confinement probated for eighteen months.  In two points on appeal, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction. Because we hold that the evidence is legally and factually sufficient to support Appellant’s conviction, we affirm the trial court’s judgment.

On October 18, 2003, Sergeant Ron Williamson of the Euless Police Department saw a black Honda leave a Whataburger parking lot at a high rate of speed, cross over two lanes of traffic, and make a right turn at a red light without first coming to a complete stop.  Sergeant Williamson stopped the vehicle and spoke to the driver, Appellant.  Sergeant Williamson smelled the odor of an alcoholic beverage on Appellant’s breath and began a DWI investigation.  As a result, Sergeant Williamson arrested Appellant for DWI.  Appellant refused to submit a breath sample.  The sobriety tests and refusal were captured on videotape.

Appellant does not contest that he was driving a vehicle in a public place.
(footnote: 2)  Thus, the only issue is whether he was intoxicated.
(footnote: 3)  Appellant argues that, in proving intoxication, the State placed undue reliance on his refusal to submit a breath sample.  The law provides that a person’s refusal to provide a breath sample may be admitted into evidence at trial and does not restrict the weight that may be accorded such evidence.
(footnote: 4)  Appellant asserts that the only evidence supporting his intoxication is his refusal to provide a breath sample and Sergeant Williamson’s testimony about the field sobriety test results.  Those results show that Appellant exhibited six out of six clues for intoxication on the horizontal gaze nystagmus test and the walk–and–turn test and three out of six clues on the one–leg–stand test.  Additionally, contrary to Appellant’s assertion, Appellant’s own words support the finding of intoxication.  Appellant told Sergeant Williamson that he had had “a couple of beers” and testified that he had had two to four beers at a club that evening and had refused the breath test because he was afraid that he would fail it.  Consequently, based on the applicable standards of review,
(footnote: 5) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction, overrule his two points, and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 11, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003).

3:
See id.

4:
Tex. Transp. Code Ann.
 § 724.061 (Vernon 1999).

5:
See Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000) (all providing legal sufficiency standard of review);  
Zuniga v. State
, 144 S.W.3d 477, 481-82, 84-87 (Tex. Crim. App. 2004); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review).